J. A21017/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SUZANNE M. EBBERT, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BARBARA K. MEST, DAVID O. KNECHT, | : | |
| JANET R. HUBER AND COLDWELL | : | |
| BANKER HEARTHSIDE REALTORS | : | No. 3384 EDA 2015 |
| AND LINDA EMERSON | : | |

Appeal from the Judgment Entered October 5, 2015
In the Court of Common Pleas of Lehigh County
Civil Division at No(s): 2012 CV 4999

BEFORE: Bender, P.J.E., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED JULY 19, 2016**

Appellant, Suzanne Ebbert, appeals *pro se* from the entry of judgment in the Lehigh County Court of Common Pleas on October 5, 2015, following confirmation of the arbitration award in favor of Appellees Coldwell Banker Hearthside Realtors and Linda Emerson. Because of substantial defects in Appellant's Brief, we dismiss this appeal.

The facts are not relevant to our determination. Instantly, we recognize:

> [A]ppellate briefs and reproduced records must materially conform to the Pennsylvania Rules of Appellate Procedure. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005) (internal citations omitted). ***See also*** Pa.R.A.P. 2111-2119 (discussing required content of appellate briefs and addressing specific requirements of each subsection of brief on appeal).

We also note that, "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251-252 (Pa. Super. 2003). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. ***Id.***

Our review of Appellant's Brief exposes substantial violations of the Rules of Appellate Procedure: it does not contain a statement of jurisdiction, a statement of the scope and standard of review, a statement of questions involved, a statement of the case, or a summary of Appellant's argument. ***See*** Pa.R.A.P. 2111(a)(1); (3); (4); (6); 2114; 2116; 2117; and 2118. Although Appellant's Brief contains a section labeled "Argument," it is not divided "into as many parts as there are questions to be argued," and contains only one heading, which Appellant labeled "Timelines." ***See*** Pa.R.A.P. 2119(a). The argument section of Appellant's Brief is completely devoid of, among other things, any citation to supporting authority or reference to the record. ***See*** Pa.R.A.P. 2119(b); (c). "The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority.

Failure to do so constitutes waiver of the claim." ***Giant Food Stores, LLC v. THF Silver Spring Dev., L.P.***, 959 A.2d 438, 444 (Pa. Super. 2008) (citations omitted); Pa.R.A.P. 2119(a) and (b).

In the instant matter, Appellant has failed to comply in substantial respects with the Rules of Appellate Procedure. Because of the considerable defects, we are unable to perform effective appellate review. ***See Adams***, ***supra***; Pa.R.A.P. 2101.

Appeal dismissed. Case is stricken from the argument list. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2016